UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN BOTTOM CONSERVANCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:12CV1800 TIA |
| ) | |
| UNITED STATES ARMY CORPS ) | |
| OF ENGINEERS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Second Cause of Action. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On October 4, 2012, Plaintiff, an environmental advocacy group, filed a Complaint for Declaratory and Injunctive Relief in federal court.  Plaintiff originally requested documents from Defendant pertaining to the proposed Southwestern Illinois Levee Improvement Project and deficiencies identified in the Metro East Sanitary District levee system.  Plaintiff's first cause of action requests that this Court declare that Defendant violated 5 U.S.C. § 552(a)(6)(A)(ii) by failing to make a determination with respect to Defendant's March 26, 2012 Freedom of Information Act ("FOIA") appeal and order Defendant to make an immediate determination regarding said FOIA appeal.  For its second cause of action, Plaintiff asks this Court to declare that Defendant violated  5 U.S.C. § 552(a)(6)(A)(i) by failing to respond to Plaintiff's February 8, 2012 FOIA request and order Defendant to respond immediately to said FOIA request.

On November 13, 2012, Defendant filed a Motion to Dismiss Second Cause of Action, asserting that, as of November 5, 2012, Defendant delivered a complete response to Plaintiff's FOIA

request.  Thus, Defendant argues that Plaintiff's Second Cause of Action is moot and should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  After the motion was fully briefed, the Court ordered Plaintiff to file a sur-reply.  Plaintiff concedes that Defendant did respond to the FOIA request but argues that the denial and withholding of some records based on alleged FOIA exemptions are not well founded in fact or law.  However, because the Second Cause of Action asserts that Defendant failed to respond, Plaintiff does not oppose the Motion to Dismiss Second Cause of Action.  Plaintiff merely reserves its right to appeal or otherwise challenge the Defendant's FOIA responses, presumably through administrative procedures.

Dismissal under 12(b)(1) is proper "when a facial attack on a complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction."  Wheeler v. St. Louis Southwestern Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996) (citation omitted).  "Questions of mootness are matters of subject matter jurisdiction . . . ."  Charleston Housing Auth. v. U.S. Dep't of Agric., 419 F.3d 729, 739 (8th Cir. 2005).  "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances .... and a federal court can no longer grant effective relief,' the case is considered moot."  Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000) (quoting Beck v. Missouri State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir.1994)).

Here, Plaintiff requested that the Court declare that Defendant violated 5 U.S.C. § 552(a)(6)(A)(i) by failing to respond to Plaintiff's February 8, 2012 FOIA request and order Defendant to respond immediately to said FOIA request.  However, the Defendant subsequently responded to the FOIA request, rendering Plaintiff's claim moot.  See Walsh v. U.S. Dep't of Veterans Affairs, 400 F.3d 535, 536 (7th Cir. 2005) (finding that once the government produces the

documents requested by the Plaintiff, the claim for FOIA relief becomes moot) (citation omitted). Although Plaintiffs argue that the Defendant's FOIA responses were inadequate and unlawful, "Plaintiff's remedy in such a case is to administratively appeal the agency's FOIA response, and upon final agency action, Plaintiff's may then appeal for judicial review." <u>United Transp. Union Local 418, Burlington Sys. Div. of the Brotherhood of Maint. of Way Employees v. Boardman</u>, No. C07-4100-MWB, 2008 WL 2600176 at *9 (N.D. Iowa June 24, 2008) (citing 49 C.F.R. § 7.21). Indeed, Plaintiff has consented to the dismissal of its Second Cause of Action and has noted that its remedy is outside this proceeding.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Second Cause of Action (Doc. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Joint Motion to Vacate Order Setting Rule 16 Conference (Doc. No. 15) is **GRANTED**. The parties shall file a joint status report no later than January 11, 2013.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  26th  day of December, 2012.